**UNITED STATES COURT OF APPEALS**
**FOR THE TENTH CIRCUIT**

**Filed 4/12/96**

_____

JOHNNY E. EVANS, )
                                           )
    Petitioner-Appellant, )
                                           )
v.                                         )       No. 95-6389
                                           )    (D.C. No. CIV-95-290-R)
JACK COWLEY, ATTORNEY GENERAL FOR )    (Dist. of Oklahoma)
THE STATE OF OKLAHOMA, )
                                           )
                                           )
    Respondents-Appellees. )

_____

**ORDER AND JUDGMENT**[*]

_____

Before **ANDERSON, BARRETT, and MURPHY**, Circuit Judges.

_____

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Johnny Edward Evans (Evans), an inmate of the State of

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Cir. R. 36.3.

Oklahoma, appearing pro se and having been granted leave to proceed in forma pauperis, appeals from the district court's order denying his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.[1]

On February 25, 1992, Evans was convicted, following a jury trial, of Unlawful Delivery of a Controlled Drug in the District Court of Beckham County, Oklahoma. On March 18, 1992, he was sentenced to 40 years imprisonment and fined $ 10,000.

After exhausting his state court remedies, Evans filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, Evans alleged that: (1) the state trial court abused its discretion by denying his motion for a continuance of his trial date; (2) the state trial court erred when it permitted the state to introduce into evidence four "rocks" of cocaine; (3) comments made by the prosecutor during closing arguments deprived him of a fair trial; and (4) his sentence was excessive.

The matter was assigned to Magistrate Judge Blasdel who issued a Report and Recommendation on September 8, 1995, recommending that Evans' petition be denied. Evans filed timely objections to the magistrate judge's report. After conducting a de novo review of the magistrate judge's findings and recommendations, the district court adopted the Report and Recommendation in its entirety and

---

[1] We grant issuance of a certificate of probable cause simply to reach the merits of the case.

denied Evans' petition.  The district court found/concluded that: Evans failed to identify any possible legal prejudice which might have resulted from the state trial court's denial of his requested continuance; Evans failed to demonstrate any factual basis for his complaint that the state trial court's evidentiary ruling constituted an abuse of discretion nor did he articulate any legal prejudice which could have resulted on account of the ruling; the particular comments made by the state prosecutor under the circumstances of Evans' case were neither so severe, nor so potentially damaging to Evans' case that they raise any constitutional concerns; and Evans' sentence fell well within the statutory guidelines set by the state legislature and the length of the sentence did not implicate either Eight or Fourteenth Amendment concerns.

On appeal, Evans contends that the district court erred in denying his petition for a writ of habeas corpus.  In addition, Evans reiterates his claims made to the district court.[2]  We review a district court's legal conclusions in dismissing a petition for a writ of habeas corpus de novo, Ballinger v. Kerby, 3 F.3d 1371, 1374 (10th Cir. 1993), although findings of fact underlying mixed questions of law and fact are accorded the presumption of correctness.  Manlove v. Tansy, 981 F.2d 473, 476 (10th Cir. 1992).

---

[2]     To the extent that Evans raises new issues on appeal not raised in his § 2254 petition, these issues are not properly before this court and are not considered herein.

- 3 -

We have carefully reviewed the record on appeal. We **AFFIRM** substantially for the reasons set forth in the magistrate judge's Report and Recommendation of September 8, 1995, and the district court's Memorandum Opinion and Order of October 20, 1995. The mandate shall issue forthwith.

Entered for the Court:

James E. Barrett,
Senior United States
Circuit Judge